IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LUTHER NUNCIO | § | |
| | § | |
| V. | § | A-16-CA-483-LY |
| | § | |
| OFFICER NATHAN RUIZ | § | |
| and AUSTIN POLICE DEPARTMENT | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

Before the Court are Plaintiff's complaint brought pursuant to 42 U.S.C. § 1983 (Document No.1) and Defendant Ruiz's Motion for Summary Judgment (Document No. 13). Plaintiff did not file a response thereto. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

## I. BACKGROUND

At the time he filed his complaint, Plaintiff was incarcerated in the Travis County Correctional Complex. Plaintiff indicates he was arrested on January 22, 2016, on suspicion of driving while intoxicated. He was subsequently released.

Plaintiff files this action pursuant to 42 U.S.C. § 1983 alleging the arresting officer, Nathan Ruiz, placed the handcuffs and seatbelt on him too tightly and caused him to have a mild stroke.

Plaintiff claims he passed out in the patrol car and Officer Ruiz pulled Plaintiff out of the car by his feet when they arrived at the jail.  Plaintiff contends this caused him to hit his head on the concrete floor. Plaintiff indicates he was taken to the hospital in an ambulance.  Plaintiff believes he almost died because the arresting officer lacked training with regard to older people on medication.  Plaintiff sues the Austin Police Department and Officer Nathan Ruiz.

After consideration of the complaint, the Court ordered service on Officer Ruiz.  The Court did not order service on the Austin Police Department, as it is not an entity capable of being sued.[1]

Defendant Ruiz moves for summary judgment arguing the undisputed video evidence shows Ruiz did not violate Plaintiff's constitutional rights and he is entitled to qualified immunity. According to Officer Ruiz, he initiated a traffic stop after Plaintiff failed to stop at a "designated point solid white line" at the stop sign at Perdernales and East 2nd Street.  Ruiz indicates he approached Plaintiff's vehicle and detected a strong odor of alcoholic beverage on his breath.  Ruiz asked Plaintiff to step out of his vehicle, and Ruiz performed a field interview.  After performing several tests, Ruiz placed Plaintiff under arrest for DWI.  Ruiz admits he placed Plaintiff in the back of his patrol unit pursuant to APD policy.  Upon arrival at the Travis County Jail, Ruiz alleges Plaintiff was laying over on his chest, began to complain of chest pains, and refused to exit the vehicle.  Ruiz asserts he requested the nurse in the sally port and put in a request for Austin Travis County EMS.  While waiting for the nurse and EMS, Ruiz alleges he attempted to help Plaintiff sit

---

[1]   The Austin Police Department is not a legal entity capable of being sued.  See Guidry v. Jefferson County Detention Center, 868 F. Supp. 189, 191 (E.D. Tex. 1994) (holding that the Jefferson County Detention Center is not a legal entity subject to suit); Darby v. Pasadena Police Dep't, 939 F.2d 311 (5th Cir. 1991) (holding that police and sheriff's departments are governmental subdivisions without capacity for independent legal action). Therefore, Plaintiff's claims against the police department should be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e).

upright to alleviate the pressure on his chest.  Upon EMS's arrival, Ruiz explains Plaintiff threw himself out of the car and onto the ground in the sally port despite his efforts to assist Plaintiff.  Ruiz indicates Plaintiff's complaints of chest pains at the sally port were the first time Plaintiff made any kind of complaint to him of a medical problem.  Ruiz asserts, earlier in his field interview, he had asked Plaintiff if he had any medical conditions or anything physically wrong with him.  Plaintiff allegedly responded he had arthritis in his knees and legs, but he had no complaints of chest pain or trouble breathing.  Ruiz maintains Plaintiff admitted he takes medication but that he did not need to bring anything with him to the jail.  Ruiz denies that any force was used against Plaintiff.  Ruiz asserts he followed APD policy and used double locked handcuffs on Plaintiff and Plaintiff offered no resistance.  Ruiz further asserts pursuant to APD policy Plaintiff was placed upright in the back of the patrol unit and seat belted.  Ruiz maintains Plaintiff did not complain that he could not breathe or the seatbelt was too tight during the transport to the Travis County Jail.

## II. ANALYSIS

A. <u>Summary Judgment Standard</u>

A court will, on a motion for summary judgment, render judgment if the evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  <u>Eason v. Thaler</u>, 73 F.3d 1322, 1325 (5th Cir. 1996);  <u>Int'l Shortstop, Inc. v. Rally's Inc.</u>, 939 F.2d 1257, 1263 (5th Cir. 1991), <u>cert.</u> <u>denied</u>, 502 U.S. 1059 (1992).  When a motion for summary judgment is made and supported, an adverse party may not rest upon mere allegations or denials but must set forth specific facts showing there is a genuine issue for trial.  <u>Ray v. Tandem Computers, Inc.</u>, 63 F.3d 429, 433 (5th Cir. 1995);  FED. R. CIV. P. 56.

Both movants and non-movants bear burdens of proof in the summary judgment process. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The movant with the burden of proof at trial must establish every essential element of its claim or affirmative defense. Id. at 322. In so doing, the moving party without the burden of proof need only point to the absence of evidence on an essential element of the non-movant's claims or affirmative defenses. Id. at 323-24. At that point, the burden shifts to the non-moving party to "produce evidence in support of its claims or affirmative defenses . . . designating specific facts showing that there is a genuine issue for trial." Id. at 324. The non-moving party must produce "specific facts" showing a genuine issue for trial, not mere general allegations. Tubacex v. M/V Risan, 45 F.3d 951, 954 (5th Cir. 1995).

In deciding whether to grant summary judgment, the Court should view the evidence in the light most favorable to the party opposing summary judgment and indulge all reasonable inferences in favor of that party. The Fifth Circuit has concluded "[t]he standard of review is not merely whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could find for the non-moving party based upon the evidence before the court." James v. Sadler, 909 F.2d 834, 837 (5th Cir. 1990) (citing Matsushita, 475 U.S. at 586)). To the extent facts are undisputed, a Court may resolve the case as a matter of law. Blackwell v. Barton, 34 F.3d 298, 301 (5th Cir. 1994).

B.     Qualified Immunity

Defendant Ruiz asserts his entitlement to qualified immunity. A government official performing a discretionary function is entitled to qualified immunity unless his actions violate a clearly established right of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Where, as here, a defendant invokes qualified immunity in a motion for

summary judgment, it is the plaintiff's burden to show that the defendant is not entitled to qualified immunity.  See Brown v. Callahan, 623 F.3d 249, 253 (5th Cir. 2010).  That is, the plaintiff must present evidence sufficient to create a genuine dispute of material fact as to whether (1) the official's conduct violated a constitutional right of the plaintiff, and (2) the constitutional right was clearly established so that a reasonable official in the defendant's situation would have understood that his conduct violated that right.  See id.; Pearson v. Callahan, 555 U.S. 223, 232 (2009).

       1.    *Excessive Force*

To establish a Fourth Amendment excessive force claim, Plaintiff must show "(1) injury (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable." Harris v. Serpas, 745 F.3d 767, 772 (5th Cir. 2014) (quoting Ramirez v. Knoulton, 542 F.3d 124, 128 (5th Cir. 2008)).  To gauge the reasonableness of the force used, courts consider "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Bush v. Strain, 513 F.3d 492, 501 (5th Cir. 2008) (quoting Graham v. Connor, 490 U.S. 386, 396 (1989)).

Plaintiff's arrest was captured on video.  Viewing the evidence in the light most favorable to Plaintiff, the Court concludes no reasonable jury could find that Defendant's conduct resulted in a clearly unreasonable use of force against Plaintiff.  Rather, the video depicts Officer Ruiz used no force to arrest Plaintiff and acted with courtesy and moderation at all times.  There is no evidence the officer used the handcuffs incorrectly or caused any medical injury.  While in the back of the patrol car Plaintiff had a coherent conversation with Officer Ruiz wherein Plaintiff told the officer this would possibly be his fourth DWI, and Plaintiff would be sentenced to life.  Plaintiff indicated

if he received a life sentence, he would never get out of prison and for the officer to keep that on his conscience. Plaintiff further argued with the officer as to why he was initially pulled over. Plaintiff made no complaints regarding his handcuffs, the seatbelt or difficulty breathing during his transport to the jail.

After they arrived at the jail, Plaintiff complained of chest pains. An officer explained he needed to get out of the car, so he could be checked. Ruiz explained he needed to unbuckle Plaintiff's seatbelt and for Plaintiff to sit up. Officer Ruiz asked Plaintiff to bring his legs out first and informed the nurse Plaintiff was complaining of chest pains. The nurse questioned Plaintiff about his chest pains as Officer Ruiz offered assistance to Plaintiff. Plaintiff told the officer he was going to have a stroke and he was having trouble breathing. Officer Ruiz offered to help him sit up to take the pressure off his chest, but Plaintiff asked to be left alone. When EMS arrived Plaintiff attempted to exit the vehicle on his own and fell to the ground.

Plaintiff was transported to the hospital by EMS. The medical records attached to the Motion for Summary Judgment does not support Plaintiff's claim that he had a stroke. Rather, the records indicate Plaintiff was diagnosed with acute pericarditis and Plaintiff had complained he had been experiencing similar pain symptoms for six months. Plaintiff has offered no evidence to support his claim that he had a stroke or that Officer Ruiz caused him any injury.

Plaintiff has failed to establish a violation of his constitutional rights. Accordingly, Officer Ruiz is entitled to summary judgment.

### III.  RECOMMENDATION

The undersigned recommends that the District Court **GRANT** Defendant Nathan Ruiz's Motion for Summary Judgment.

## IV. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within 14 days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415, 1428-29 (5th Cir. *en banc*, 1996).

**SIGNED** on December 31, 2016.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE